## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOANNE WICKMAN,

     Plaintiff,

v.

McLAREN MACOMB,

     Defendant.

Case No. 18-cv-13483
Hon. Matthew F. Leitman

_____/

## STIPULATION FOR ENTRY OF PROTECTIVE ORDER
## COVERING CERTAIN DOCUMENTS PRODUCED BY THE PARTIES

**IT IS STIPULATED** by and between Plaintiff, Joanne Wickman, and Defendant, McLaren Macomb, who appear by signature of their counsel below, that the Court may enter the attached Protective Order Covering Certain Documents Produced by the Parties.

| | |
|---|---|
| /s/ Teresa J. Gorman (w/consent) | /s/ William J. Vincent |
| Teresa J. Gorman, PLLC | Littler Mendelson, P.C. |
| 5700 Crooks Road | 200 Renaissance Center |
| Suite 200 | Suite 3110 |
| Troy, Michigan  48098 | Detroit, Michigan 48243 |
| (248) 763-6943 | (313) 446-6407 |
| terigorman@aol.com | wvincent@littler.com |
| P61001 | P38430 |
| | |
| Dated:  June 18, 2020 | Dated:  June 18, 2020 |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOANNE WICKMAN,

      Plaintiff,                              Case No. 18-cv-13483
                                            Hon. Matthew F. Leitman

v.

McLAREN MACOMB,

      Defendant.

_____/

## PROTECTIVE ORDER COVERING CERTAIN
## DOCUMENTS PRODUCED BY THE PARTIES

Upon reading the attached Stipulation for Entry of Protective Order Covering Certain Documents Produced by the Parties, and the Court being fully advised in the premises, **IT IS ORDERED AS FOLLOWS:**

1.     When used in this Order, the word "documents" means all documents and electronically stored information produced by the parties that bear the notation "Confidential–Produced Pursuant to Protective Order" or are otherwise produced pursuant to the terms of this Order.

2.     All documents, as that term is defined by paragraph 1 above, shall be used solely for the prosecution or defense of this matter and shall not be used in any other litigation or any other judicial or administrative proceeding.

3.      Except as provided in paragraph 4 below, no document subject to this Order or any information contained therein may be made public or otherwise disclosed to any persons other than:

    a.      The Court;

    b.      Counsel of record for the parties;

    c.      Secretaries, legal assistants, and other employees of counsel of record assisting counsel in the prosecution or defense of this matter;

    d.      The parties, and those employees of the parties who are assisting the parties and/or counsel of record in the prosecution or defense of this matter;

    e.      Lay witnesses who are deposed and/or testify at the trial of this matter, but only during preparation for their testimony and/or during their testimony. Lay witnesses shall not be permitted to retain any document subject to this Order or any information contained therein; and

    f.      Experts retained by counsel of record to assist in the prosecution or defense of this matter, but only if the expert signs the attached Consent Agreement. It is the responsibility of counsel for the party making the disclosure to the expert to obtain the Consent Agreement from each such expert before making the disclosure and to provide opposing counsel with a copy of the Agreement upon request.

4.      Documents subject to this Order, and any information contained therein, do not lose their protected status if used in any judicial proceeding or alternative dispute resolution proceeding in this matter. However, the parties shall take all steps reasonably necessary to protect the confidentiality of the documents and/or information during such use.

5.      This Order does not authorize the filing of any documents or other items under seal. Documents or other items may be filed under sealed only if authorized by statute, rule, or order of the Court and the filing party complies with the requirements of E.D. Mich. LR 5.3.

6.      Whenever a party objects to the designation of a document as confidential, it may apply to the Court for a ruling that the document shall not be so treated, giving notice to the party producing the document. Until this Court enters an Order changing the designation, the document shall be given the confidential treatment initially assigned to it and provided for in this Order. The burden at all times remains with the party claiming a "confidential" designation to establish by a preponderance of the evidence that the document or information contained therein should be considered "confidential".

7.      This Order shall not be construed to waive any objections to the admissibility, privileges, or defenses available to the parties regarding any documents produced by the parties under this Order, and the parties expressly reserve same.

8.      To the extent any documents produced by Defendant include a disciplinary report, letter of reprimand, or other disciplinary action issued or taken by Defendant against an employee or former employee, this Order shall be construed to satisfy the requirement of Section 506(3)(b) of the Bullard-Plawecki Employee

Right to Know Act, MCL §423.506(3)(b) that the disclosure be ordered in this legal action.

9.      The parties agree that within twenty-one (21) days after the final disposition of this matter, any documents or information subject to this Order that a party received from the other party, including all copies, shall be returned to the producing party's counsel or destroyed by the other party, as counsel may agree, including any documents provided to the persons identified in subparagraphs 3(b) through (f). Under no circumstances shall any party retain a copy, in any form, of any documents or information produced by the other party pursuant to the terms of this Order.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 18, 2020

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOANNE WICKMAN,

                Plaintiff,                **CASE NO. 4:18-CV-13483**

vs.

                                **HON. MATTHEW F. LEITMAN**

McLAREN MACOMB,
a Michigan non-profit corporation,       **MAG. MONA K. MAJZOUB**

                Defendant.

---

| | |
|---|---|
| TERESA J. GORMAN (P61001) | WILLIAM J. VINCENT (P38430) |
| ***TERESA J. GORMAN, PLLC*** | ANTON A. DIRNBERGER II (P80261) |
| Attorney for Plaintiff | ***LITTLER MENDELSON, P.C.*** |
| 5700 Crooks Road | Attorneys for Defendant |
| Suite 200 | 200 Renaissance Center |
| Troy, Michigan  48098 | Suite 3110 |
| (248) 763-6943 | Detroit, Michigan  48243 |
| terigorman@aol.com | (313) 446-6407 |
| | wvincent@littler.com |
| | adirnberger@littler.com |

---

**CONSENT AGREEMENT TO BE**
**BOUND BY PROTECTIVE ORDER**

**STATE OF** _____

**COUNTY OF** _____

_____, being first duly sworn, deposes and says:

I have read and understand the Protective Order Covering Certain Documents Produced by the Parties (the "Order") that the Court has entered in this matter. Under penalty of contempt, I agree to be bound by the Order. I also agree that:

(1)     I will make no further disclosure of any documents designated by the parties to be subject to the Order, or any information contained therein, and I will protect the confidentiality of all such documents and information.

(2)     I will return all such documents and any copies to the attorney who gave them to me within twenty-one (21) days after the final disposition of this matter.

(3)     I consent to the personal jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division, for any and all purposes relating to the enforcement of the Order and this Consent Agreement.

_____

Subscribed and sworn to before me on
this _____ day of _____, 2020:

_____
Notary Public
My commission expires:

7